UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mortgage Electronic Registration Systems, Inc., as nominee for Household Finance Corp II, | ) **C/A No. 6:07-1763-HMH-BHH** <br> ) [*formerly* Case No. 04-CP-23-4698] <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) **Order and Recommendation** <br> ) |
| Wanda Hunt; <br> Painewebber Mortgage Finance, Inc.; <br> South Carolina Department of Revenue; <br> Department of the Treasury-Internal Revenue Service; and <br> Randy Outward, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

_____

This civil action involves a removal of a state court mortgage foreclosure action to this federal district court. The state court action was commenced on July 19, 2004, and the complaint was served on July 28, 2004. The Honorable Charles B. Simmons, Master-in-Equity for Greenville County, signed a "MASTER'S ORDER AND JUDGMENT OF FORECLOSURE AND SALE NOTICE" on July 27, 2005. Judge Simmons' order was filed on August 2, 2005. Defendant Wanda Hunt apparently appealed to the Circuit Court and to the South Carolina Court of Appeals, where the case was pending prior to the removal. The defendant's Notice of Removal was received by the Clerk's Office on June 26, 2007. On page 2 of the Notice of Removal (Entry No. 1), the

1

*pro se* defendant indicates that this case has been removed on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

## *Discussion*

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352, 1998 U.S.App. LEXIS® 13210 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399, 1999 U.S.App. LEXIS® 20859 (4th Cir. 1999), *cert. denied*, *Pinkley, Inc. v. Servacek*, 528 U.S. 1155, 145 L.E.2d 1072, 120 S.Ct. 1161, 2000 U.S. LEXIS® 1043 (2000)(*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking, supra*, 147 F.3d at 352. *See also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650, 1988 U.S.App. LEXIS® 12311 (4th Cir.

1988)(*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc., supra*, 191 F.3d at 399 (*citing* 2 Moore's Federal Practice § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654, 1999 U.S.App. LEXIS® 20860 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the party who filed the case, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Various federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. *See*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102, 1990 U.S.Dist. LEXIS® 12565 (D.S.C. 1990)(collecting cases); and *Bellone v.*

*Roxbury Homes, Inc.*, 748 F. Supp. 434, 436, 1990 U.S.Dist. LEXIS® 14401 (W.D.Va. 1990).

It is well-settled that a Notice of Removal must be filed by a defendant in the state court action within thirty days after the complaint in state court is served or within thirty days *after* the case becomes removable.  See 28 U.S.C. § 1446; and *Heniford v. American Motors Sales Corporation*, 471 F. Supp. 328 (D.S.C. 1979), *appeal dismissed*, 622 F.2d 584 (4th Cir. 1980)[Table].  Defendant Wanda Hunt was served on July 28, 2004.  Therefore, defendant Hunt had until August 27, 2004, to file her Notice of Removal within the thirty-day time period.  The Notice of Removal, however, was received by the District Court, Florence Division, on June 26, 2007.

Although the Notice of Removal was not timely submitted by defendant Hunt, a plaintiff's objection to an untimely removal by a defendant, in certain circumstances, is a waivable defense *when a federal district court otherwise would have subject-matter jurisdiction*.  In other words, if there is federal question jurisdiction or if there is diversity of citizenship, a plaintiff must file a motion to remand within thirty days after the Notice of Removal was filed.  28 U.S.C. § 1447(c).  If a plaintiff does not file a motion to remand within thirty days of the filing of the Notice of Removal, the plaintiff waives all procedural defects in the removal.  *In Re Shell Oil Co.*, 932 F.2d 1523, 1527 & nn. 6-7, 1991 U.S.App. LEXIS® 10787 (5th Cir. 1991).

Even so, the removal statute, 28 U.S.C. § 1446(b), expressly provides that a diversity action may not be removed more than one (1) year after the commencement of the action.  See 28 U.S.C. § 1446(b): "[A] case may not be removed on the basis of

4

jurisdiction conferred by section 1332 of this title more than 1 year after the commencement of the action." In other words, since this diversity action was removed more than one (1) year after the commencement of the action in state court, the plaintiff cannot waive the obviously untimely removal. 28 U.S.C. § 1446(b) [second paragraph].

The law in this Circuit is unclear whether an order or a Report and Recommendation should be entered in this case. *See Long v. Lockheed Missiles & Space Co.*, 783 F. Supp. 249, 1992 U.S.Dist. LEXIS® 2033 (D.S.C. 1992). Most case law subsequent to *Long v. Lockheed Missiles & Space Co.* has indicated that a magistrate judge may enter an order of remand. *See, e.g.*, *Meier v. Premier Wine and Spirits, Inc.*, 371 F.Supp.2d 239, 2005 U.S.Dist. LEXIS® 10134 (E.D.N.Y. 2005); *Vaquillas Ranch Company v. Texaco Exploration & Production, Inc.*, 844 F. Supp. 1156, 1160-1163, 1994 U.S.Dist. LEXIS® 6300 (S.D.Tex. 1994)(criticizing the rationale in *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 1990 U.S.Dist. LEXIS® 16643 (D.N.J. 1990), and distinguishing *Long v. Lockheed Missiles & Space Co.*, *supra*); *Holt v. Tonawanda Coke Corporation*, 802 F. Supp. 866, 868, 1991 U.S.Dist. LEXIS® 20886 (W.D.N.Y. 1991); *McDonough v. Blue Cross of Northeastern Pennsylvania*, 131 F.R.D. 467, 1990 U.S.Dist. LEXIS® 10921 (W.D.Pa. 1990); and *City of Jackson v. Lakeland Lounge of Jackson, Inc.*, 147 F.R.D. 122, 124, 1993 U.S.Dist. LEXIS® 4348 (S.D.Miss. 1993)("This Court joins that group of courts which hold that a motion to remand is nondispositive and can be determined by a magistrate judge by final order.").

The United States Court of Appeals for the First Circuit in *Unauthorized Practice of Law Committee v. Gordon*, 979 F.2d 11, 12-13, 1992 U.S.App. LEXIS® 29613

(1st Cir. 1992), noted the existence of conflicting authorities, including *Giangola v. Walt Disney World Co., supra*, and *Long v. Lockheed Missiles & Space Co., supra*, but declined to resolve the issue:

> It is evident that the magistrate and the district court judge in the instant case treated the motion to remand as a nondispositive matter within the authority of the magistrate to determine by final order. While we note the existing and conflicting caselaw on this issue, we need not enter the fray at this time for we conclude that, in any event, we lack jurisdiction over this appeal.

*Unauthorized Practice of Law Committee v. Gordon, supra*, 979 F.2d at 13.

Even so, in *First Union Mortgage Corporation v. Smith*, 229 F.3d 992, 2000 U.S.App. LEXIS® 25676 (10th Cir. 2000), however, the United States Court of Appeals for the Tenth Circuit held that a remand order is a dispositive action that must be made by a United States District Judge to survive Article III scrutiny. In light of the recent decision of the United States Court of Appeals for the Tenth Circuit, the undersigned will, out of an abundance of caution, follow the holdings in *First Union Mortgage Corporation v. Smith* and *Long v. Lockheed Missiles & Space Co., supra*. Accordingly, for the foregoing reasons, it is **recommended** that this matter be **remanded** to the South Carolina Court of Appeals. It is also recommended that the motion to rescind foreclosure sale (Entry No. 3) be **denied.**

Since this is only a recommendation, IT IS ORDERED that the Office of the Clerk of Court shall *not* immediately certify this matter to the South Carolina Court of Appeals. If the parties in the above-captioned case fail to file written objections to this Order and Recommendation within fourteen (14) days after this document is filed, or, if

either party files written objections to this Order and Recommendation within fourteen (14) days after this document is filed, the Office of the Clerk of Court, at the end of the fourteen-day period, shall forward the case file and any objections to the United States District Judge assigned to this case for a final disposition. The attention of the parties is directed to the Notice on the next page.

                                                Respectfully submitted,

July 3, 2007                                s/Bruce Howe Hendricks
Greenville, South Carolina          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Order and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).